ADAM GORDON
United States Attorney
JULIE A. BAUMAN
Assistant U.S. Attorney
California Bar No. 301489
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone (619) 546-4262

Attorneys for Plaintiff
UNITED STATES OF AMERICA



FILED

JUL 29 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-2450-JO |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| TIMOTHY BACH NGUYEN, | |
| Defendant. | |

IT IS HEREBY AGREED between plaintiff, UNITED STATES OF AMERICA, through its counsel, ADAM GORDON, United States Attorney, and Julie A. Bauman, Assistant United States Attorney, and defendant, Timothy Bach Nguyen, with the advice and consent of Ezekiel Cortez, counsel for defendant, as follows:

//
//
//
//
//
//

JABA:7/21/25

Def. Initials  TN

# I

## THE PLEA

**A.  THE CHARGE**

Defendant agrees to plead guilty to Count 1 of a Superseding Information charging defendant with:

> Beginning on a date unknown and continuing up to and including July 16, 2024, within the Southern District of California and elsewhere, defendant, TIMOTHY BACH NGUYEN, did knowingly and intentionally conspire with other persons known and unknown to commit an offense against the United States, to wit: structuring the exportation of monetary instruments, specifically, U.S. currency, from the United States to Mexico, while aware of, and for the purposes of evading a monetary instrument reporting requirement under Title 31, United States Code Section 5316 and one of the conspirators committed an overt act to effect the object of the conspiracy; all in violation of Title 18, United States Code, Section 371 and Title 31, United States Code Section 5324(c)(3).

**B.  DISMISSAL OF REMAINING CHARGES**

The Government agrees to (1) move to dismiss the remaining charges without prejudice when defendant is sentenced and (2) not prosecute defendant thereafter on such dismissed charges unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

**C.  DISPOSITION OF EVIDENCE**

Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

    a. Any cellular device(s); and

    b. Any vehicle(s).

Def. Initials *TN*
25CR2450

Upon acceptance of Defendant's guilty plea by the District Court, the defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

C.  FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims Defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case. By signing this plea agreement, defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeiture of properties in connection with this case.

II

**NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

> 1.  Beginning on a date unknown, there was an agreement between two or more person to commit the crime of structuring transactions involving the exportation of currency from the United States to a place outside the United States for the purpose of evading the monetary instrument reporting requirements of Title 31, United States Code, Section 5316;

2

Def. Initials *TN*

25CR2450

2. Defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish that object;

3. Defendant knew of the legal obligation to report exportations in excess of $10,000 and, together with others, acted to evade the reporting requirement with knowledge that the conduct was unlawful;

4. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning not later than July 16, 2024, there was an agreement between two or more people to structure financial transactions involving the exportation of currency in excess of $10,000 for the purpose of evading the monetary instrument reporting requirements of Title 31, United States Code, Section 5316.

2. On or about a date prior to July 16, 2024, defendant joined the agreement knowing of its unlawful object and intending to help accomplish that purpose. Defendant was aware of the currency reporting requirements and, together with others, intended to structure transactions to evade and not comply with those requirements by structuring transactions to export just under $10,000 at a time on more than one occasion.

3. For example, in furtherance of the conspiracy:

   a. Defendant responded to a Facebook post offering an opportunity to make money. Defendant contacted an individual named Daniela, who told defendant that the job was to transport money from money exchange businesses near the border to Mexico. Defendant told Daniela he regularly crossed the United States/Mexico border and could engage in this job on a regular basis. Defendant was told he would transport $9,000 per crossing and would earn $1,000 per crossing.

   b. Defendant was told that a tracker would be placed in his vehicle and he would be put in touch with another individual known to Defendant as Armando.

3

Def. Initials *IN*

25CR2450

     Defendant was instructed to go to a house in Tijuana and back his vehicle into the garage so that someone could wire a tracking device in the engine compartment of his vehicle.

  c. Defendant drove his vehicle to a designated location in Tijuana, Mexico, backed his vehicle into the driveway, and exited the vehicle. Defendant could not see into the garage from where he was positioned. Defendant suspected something illegal might be placed in his vehicle, but when he asked Armando, he was told nothing illegal was being placed into his vehicle.

  d. On or about July 16, 2024, Defendant drove from Mexico to the United States through the San Ysidro Port of Entry (POE) for the purpose of picking up at least $9,000 US Currency within the United States and transporting it, concealed within his vehicle, to co-conspirators in Mexico.

  e. Defendant agrees that the conspiracy involved an agreement to smuggle more than $10,000 in currency and this amount was reasonably foreseeable to Defendant.

4. Defendant agrees that the United States could prove that on July 16, 2024, defendant drove his car from Mexico to the United States at the San Ysidro, California Port of Entry, in the Southern District of California, and defendant's car contained approximately 8.74 kilograms (19.27 pounds) of methamphetamine, a Schedule II Controlled Substance. Defendant agrees that his conduct in turning over his vehicle to co-conspirators as part of this cross-border smuggling scheme and his failure to investigate the nature of the contraband he was smuggling facilitated the unlawful importation of controlled substances into the United States.

### III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

 A. A maximum 5 years in prison;

 B. A maximum $250,000 fine;

 C. A mandatory special assessment of $100.00 per count;

 D. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the

4    Def. Initials _TN_

25CR2450

conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E.  possible ineligibility for certain Federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty defendant will not be provided this information, if any, and defendant waives any right to this information.

5                                    Def. Initials *TN*

25CR2450

Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

//
//

6

Def. Initials *TN*
25CR2450

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not

Def. Initials  TN

25CR2450

follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

| | | | |
|---|---|---|---|
| 1. | Base Offense Level [USSG § 2S1.3(a)(2)] | | 6 |
| 2. | Involved More than $6,500 [USSG § 2B1.1(b)(1)(B)] | | +2 |
| 3. | Proceeds of Unlawful Activity [USSG § 2S1.3(b)(1)(A)] | | +2 |
| 4. | Acceptance of Responsibility [USSG § 3E1.1] | | -2 |

B.  ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government will not recommend any adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

8

Def. Initials TN
25CR2450

### C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant <u>may</u> request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

### D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

### E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

### F. RECOMMENDATION REGARDING CUSTODY

The Government agrees to recommend that defendant be sentenced to the greater of within the advisory Guideline range as calculated by the Government after incorporating an upward variance under 18 U.S.C. § 3553(a) that is the equivalent of 6 levels under the Guidelines,[1] or the time served in custody at the time of sentencing.

//
//

---

[1] This upward variance is to reflect the seriousness of the offense and deter similar criminal conduct and is based on defendant's knowing participation in a cross-border smuggling scheme and failure to investigate the nature of the contraband that he was smuggling that facilitated the attempted importation of 8.74 kilograms (19.27 pounds) of methamphetamine into the United States.

9

Def. Initials *TN*

25CR2450

G. **SPECIAL ASSESSMENT AND FINE**

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. **SUPERVISED RELEASE**

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

XI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective

10

Def. Initials TN

25CR2450

assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any Court, and if later made to a Court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in Court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue

11   Def. Initials *TN*
25CR2450

any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No

Def. Initials TN
25CR2450

1  modification of this plea agreement shall be effective unless in writing
2  signed by all parties.

### XIV

### **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and Defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

7/22/25
DATED

JULIE A. BAUMAN
Assistant U.S. Attorney

7-21-25
DATED

EZEKIEL CORTEZ
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

7-21-25
DATED

TIMOTHY BACH NGUYEN
Defendant

Approved by:

/s/ Alicia P. Williams
ALICIA P. WILLIAMS
Assistant U.S. Attorney

Rev. 1/19/2024 cek

14                                   Def. Initials _____
                                                    25CR2450